The facts of this case are that after the acts of 5 January, declaring persons who had furnished substitutes no longer exempt, the petitioner was enrolled and ordered into camp.
But as there was then pending a case in this Court in which the constitutionality of the act of 5 January was to be tested, it was agreed that further proceedings in the petitioner's case might be suspended until the decision of the Court was known. In the meantime the petitioner was released on furlough. Afterwards, and while on furlough, petitioner received the appointment of watchman for the town of Salisbury. Having been again brought into camp, after the decision in Gatlin v. Walton, ante, 325, he sued out this writ, which was heard and decided at chambers, and is brought here by certiorari, at the instance of the General Government.
Upon this state of facts, we are of opinion the petitioner is not entitled to exemption by reason of his appointment as watchman of the town of Salisbury. His enrollment, prior to such appointment, put him in military service, and he could not be elected out of it into a city watch. It is not necessary that one should be in the field, as we conceive, to constitute him a soldier. If he has been enrolled by legal authority, and put on furlough, his status is as firmly fixed as if he were in the trenches, confronting the enemy.
We have had occasion to explain more fully the rights of the respective governments of the State and the Confederate States, in matters of this sort, in the case of Upchurch v. Scott, post, 520, to which reference may be had.
(419) We can conceive of no greater reason why the State should have the power to take away from the Confederate States persons appointed to places of duty than the reverse of the proposition. Neither, in our opinion, is necessary, and neither is constitutional. Still less can it be supposed that a soldier can be taken out of the army by the State and appointed to office, especially when we consider the paramount powers and duties of the General Government in respect to war. The exemption certified does not seem to be material, according to the view we take of the case. Exemptions are granted by the act of Congress to specified officers of the State Government, and to such other officers as the Governor shall certify to be necessary. But Smith is not an officer, and therefore not in the class which the Governor's certificate could avail. Being a soldier of the Confederate States, as we think he was, by the acts of enrollment and furlough, he could not divest himself of the character, except by the will of these States.
There is error, therefore, in the judgment at chambers, discharging the petitioner, and he is hereby declared subject to perform military *Page 269 
service to the Confederate States, and is therefore recommitted to the officer, John N. Prior, or to such other officer as may be in charge of the matter.
NOTE. — See Sowers' case, ante, 384; Bridgman v. Mallett, post, 500, overruling Russell case, ante, 388.
(420)